JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP -2 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

248
9/2/76

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE BEEF INDUSTRY        )
ANTITRUST LITIGATION       )   DOCKET NO. 248
                           )

## OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III *,
STANLEY A. WEIGEL, AND ANDREW A. CAFFREY* JUDGES OF
THE PANEL

PER CURIAM

This litigation consists of eight civil antitrust
actions commenced in six different federal districts:  two
in the Northern District of Texas, two in the Northern
District of California, and one each in the Northern and
Southern Districts of Iowa, the  District of Utah and
the District of Nevada.  The plaintiffs in these actions
are involved in the production and feeding of beef cattle.
They are located in nineteen midwestern, western, and south-
western states, and in Mexico.  The named defendants in one
or more of these actions are 24 major supermarket chains;
the National Provisioner, Inc., which is a commercial whole-
sale meat price reporting service; and the National Associa-
tion of Food Chains, which is a national trade association

_____

* Judges Becker, Lord, and Caffrey were unable to attend
  the Panel hearing and, therefore, took no part in
  the consideration or decision of this matter.

for food retailers. These defendants are headquartered in
seventeen different states across the country and in the
District of Columbia.

Plaintiffs in all actions allege that defendants
violated Section 1 of the Sherman Act by fostering a
massive nationwide conspiracy to illegally depress the
wholesale price of beef and raise the price of beef sold
at retail. Seven of the eight actions also include claims
under Section 2 of the Sherman Act. This scheme, plaintiffs
claim, is accomplished at least in part through a system of
price leadership whereby certain defendants establish a
bidding price which other defendants then follow. Prices
are allegedly agreed upon at meetings of the food retailers
trade association and furthered through the wholesale meat
price reporting service.

Eleven of the defendants in these actions move the
Panel for an order transferring all actions to the
Northern District of Texas for coordinated or consolidated
pretrial proceedings pursuant to 28 U.S.C. §1407. All
responding parties either agree or express no position on
the desirability of transfer in this litigation. The only
real dispute is over the selection of an appropriate trans-
feree district. In addition to the Northern District of

Texas, three other districts have been suggested -- the Northern District of California, the Southern District of Iowa, and the District of Utah.

On the basis of the papers filed and the hearing held, we find that these actions involve common questions of fact and that their transfer to the Northern District of Texas for coordinated or consolidated pretrial pro- ceedings under Section 1407 will best serve the con- venience of the parties and witnesses and promote the just and efficient conduct of this litigation.

As is often the case in multidistrict antitrust litigation, the actions before us raise common factual issues concerning the existence, scope and effect of the alleged conspiracy that necessitate transfer in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings and streamline the rest of the pretrial proceedings as well.  See, e.g., In re Folding Carton Antitrust Litigation, __F. Supp.__ (J.P.M.L., filed May 25, 1976).

The parties favoring the Southern District of Iowa as the transferee forum stress that Iowa and its sur- rounding states comprise a traditional meat packing center, that many major meat producers have corporate offices

located in the midwest, and that therefore any future tag-along actions are likely to be instituted there. They argue that Iowa is a convenient centrally located forum for this litigation, and that the documents and witnesses of a majority of the plaintiffs will be more conveniently available there.  The arguments in favor of the Northern District of California are that one of the actions pending in that district is more advanced in discovery than any other action, that several documents have been assembled there by defendant Safeway in connection with a previous action in that district, and that future tag-along actions are likely to be filed in western jurisdictions.  The District of Utah is urged primarily because of its central location and because it contains the action with the broadest allegations.

We believe that each of the four suggested districts could be described as an appropriate transferee forum for this litigation.  On balance, however, we find that the Northern District of Texas is most preferable. Indeed, this district is the first choice of the majority of the defendants and is the second choice of almost all other parties to these actions.  Although no action appears to be particularly more advanced than the others, we observe that Chief Judge William M. Taylor, Jr., to whom

one of the Texas actions is assigned, has ruled on several pretrial motions, including a motion for partial summary judgment on a statute of limitations issue. Thus, he has gained a degree of familiarity with this litigation that will enable him to supervise it toward its most just and expeditious termination.  See In re Griseofulvin Antitrust Litigation, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975).

There is another argument that must be addressed. Both defendant Jewel Food Stores and plaintiff Meat Price Investigators Association oppose transfer to the Northern District of Texas because of their displeasure with prior proceedings in the actions in that forum. This contention is wholly without merit.  The prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contentions are simply not factors considered by the Panel in determining whether and to where transfer under Section 1407 is appropriate.  In re Air Crash Disaster at Paris, France, on March 3, 1974, 386 F. Supp. 1404, 1405 (J.P.M.L. 1975); In re Suess Patent Infringement Litigation, 384 F. Supp. 1405, 1407 (J.P.M.L. 1974).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Northern District of Texas be, and the same hereby are, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable William M. Taylor, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending there and listed on Schedule A.

SCHEDULE A                                          DOCKET NO. 248

### NORTHERN DISTRICT OF CALIFORNIA

Burke Petersen, et al. v. Safeway Stores,        Civil Action
Inc., et al.                                     No. C75-0984-RFP

James F. Boccado, et al. v. Safeway              Civil Action
Stores, Inc., et al.                             No. C76-600-OJC

### NORTHERN DISTRICT OF TEXAS

Pony Creek Cattle Co., Inc., et al. v. The       Civil Action
Great Atlantic & Pacific Tea Co., et al.         No. CA3-75-0702-C

A.L. Black, et al. v. Acme Markets, Inc.,        Civil Action
et al.                                           No. CA2-75-186

### NORTHERN DISTRICT OF IOWA

Richard S. Lowe, et al. v. Safeway               Civil Action
Stores, Inc., et al.                             No. C75-4043

### SOUTHERN DISTRICT OF IOWA

Meat Price Investigators Association,            Civil Action
et al. v. Safeway Stores, Inc., et al.           No. CA-75-333-2

### DISTRICT OF NEVADA

R. Dirk Agee, et al. v. Safeway Stores,          Civil Action
Inc., et al.                                     No. R-75-224-BRT

### DISTRICT OF UTAH

Chaparral Cattle Corp., et al. v. Safeway        Civil Action
Stores, Inc., et al.                             No. C76-79

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE BEEF INDUSTRY ANTITRUST LITIGATION )
Meat Price Investigators Association, )
et al. v. Iowa Beef Processors, Inc., et al. )   DOCKET NO. 248
S. D. Iowa, Civil Action No. 76-252-2          )

OPINION AND ORDER
————————————

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,
STANLEY A. WEIGEL*, AND ANDREW A. CAFFREY, JUDGES OF THE
PANEL.

————————————

PER CURIAM

    On September 2, 1976, the Panel, pursuant to 28 U.S.C.
§1407, transferred several actions in this litigation to the
Northern District of Texas and, with the consent of that court,
assigned them to the Honorable William M. Taylor, Jr. for
coordinated or consolidated pretrial proceedings with
related actions already pending there.  In re Beef Industry
Antitrust Litigation, 419 F. Supp. 720 (J.P.M.L. 1976).  The
plaintiffs in the thirteen actions in the transferee district
(the supermarket actions) are the Meat Price Investigators
Association (MPIA) and several individuals and companies
engaged in the production and feeding of beef cattle.  The
defendants are several major supermarket chains; the National
Provisioner, Inc., which is a commercial wholesale meat price
reporting service; and the National Association of Food
Chains, which is a national trade association for food retailers.

————————————
*Judge Weigel was unable to attend the Panel hearing and,
therefore, took no part in the consideration or decision
of this matter.

Plaintiffs in the supermarket actions allege that the defendants have illegally conspired to depress the wholesale price of beef and to raise the price of beef sold at retail. This scheme, plaintiffs claim, is accomplished at least in part through a system of price leadership whereby certain defendants establish a bidding price which the other defendants then follow. Prices are allegedly agreed upon at meetings of the National Association of Food Chains and furthered through a publication of the National Provisioner called the "Yellow Sheet," which is a reporter of wholesale meat prices.

Subsequent to the Panel's original hearing in this litigation, the above-captioned action (the packer action) was filed in the Southern District of Iowa by parties which are also plaintiffs in one of the actions in the transferee district. The four defendants in this new action are meat packers whose principal activity is the purchase and slaughter of fat cattle, and the purchase, processing, packing and selling at wholesale of carcass beef, beef primal cuts, and beef subprimal cuts. None of these four defendants is a party to any of the actions in the transferee district. Plaintiffs in the packer action allege that the defendants have violated Sections 1 and 2 of the Sherman Act by conspiring to restrain trade in the fat cattle industry through a variety of practices, which include the following: manipulating the carcass, primal and subprimal prices of beef reported in the "Yellow Sheet" and using those prices illegally to depress prices paid for

live cattle; quoting substantially identical bids for live
cattle; exchanging market information; dividing territories;
eliminating competition; purchasing beef from each other
to fix the price of beef; warehousing beef to reduce the
price of live cattle; and gaining inside information about
buying requirements from major buyers for the ultimate
purpose of depressing the price of live cattle.  The large
supermarket chains allegedly purchase most of their beef
directly from packers.

Since the packer action appeared to share questions of
fact with the previously transferred supermarket actions, the
Panel ordered the parties to show cause why the packer action
should not be transferred to the Northern District of Texas
pursuant to Section 1407 for inclusion in the coordinated or
consolidated pretrial proceedings.[1/]   The National Provisioner
favors transfer.  Plaintiffs and defendants in the packer
action and plaintiffs in some of the supermarket actions oppose
transfer.

We find that the packer action shares questions of
fact with the actions previously transferred to the Northern
District of Texas and that transfer of the packer action to
that district under Section 1407 will best serve the
convenience of the parties and witnesses and promote the just
and efficient conduct of this litigation.

---

1/   See Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

The parties opposing transfer contend that the packer action and the supermarket actions are distinct in their claims and in the defendants involved. In particular, they urge that in the new action, the defendant packers, which are engaged in the wholesale distribution of meat, represent an entirely different segment of the complex beef industry than is represented in the previous actions by the defendant supermarket chains, which are engaged in retail beef distribution. They argue that the allegations in the packer action compared to those in the supermarket actions involve different conduct and antagonistic theories of liability which should be explored separately. They emphasize that the only common issue between the supermarket actions and the packer action is that one group of plaintiffs claim they have received too little for their cattle and they blame, alternatively, the nationwide supermarket chains and the packers in their immediate area. They point out that none of the actions alleges any conspiracy between the two groups of defendants -- the supermarkets and the packers. They further stress that the packer action involves a geographically concentrated market area in and around Iowa to which discovery will be restricted, whereas the supermarket actions involve a national market and a nationwide discovery program.

We find these arguments unpersuasive. The record before us reveals that resolution of the issues involved in both the supermarket actions and the packer action necessarily will

raise many common questions of fact concerning the economic
realities of the beef industry as a whole, regardless of
the fact that the two types of actions involve different
alleged conspiracies at different levels of commerce
within the beef industry.   In addition, the complaints in
both the supermarket actions and the packer action involve
common factual questions regarding the alleged manipulation
of beef prices reported in the "Yellow Sheet."   Thus
transfer of the packer action is necessary in order to prevent
duplicative discovery, eliminate any possibility of conflicting
pretrial rulings and conserve time and effort for the parties,
the witnesses and the judiciary.   Any antagonistic interests
among the parties in the various actions may be accommodated
by the transferee judge in designing the pretrial program.
See In re Delta Airlines Crash at Boston Massachusetts, 395
F. Supp. 1405, 1407 (J.P.M.L. 1975); In re Franklin National
Bank Securities Litigation, 393 F. Supp. 1093, 1095 (J.P.M.L.
1975). And discovery on any issues unique to the packer action
may be scheduled by the transferee judge to proceed in a
separate discovery schedule concurrently with discovery on
common issues. See In re Republic National-Realty Equities
Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L.
1974).

        IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407,
the action entitled Meat Price Investigators Association, et al.,
v. Iowa Beef Processors, Inc., et al., S.D. Iowa, C.A. No.
76-252-2 be, and the same hereby is, transferred to the

Northern District of Texas and, with the consent of that court, assigned to the Honorable William M. Taylor, Jr. for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 25 1982

2/25/82

DOCKET NO. 248

PATRICIA D.
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE BEEF INDUSTRY ANTITRUST LITIGATION

ORDER REASSIGNING LITIGATION

Inasmuch as the actions in the above litigation have been
reassigned from the Honorable William M. Taylor, Jr. to the
Honorable Patrick E. Higginbotham in accordance with the Local
Rules for the United States District Court for the Northern
District of Texas,

IT IS THEREFORE ORDERED that the above-captioned litigation
be, and the same hereby is, reassigned to the Honorable Patrick
E. Higginbotham for the remainder of the coordinated or
consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

Andrew A. Caffrey
Chairman